# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|                            |     |                    |
|----------------------------|-----|--------------------|
| ANTHONY DEAN CONLEY,       | )   |                    |
|                            | )   |                    |
| Petitioner,                | )   |                    |
|                            | )   | **CIVIL ACTION**   |
| v.                         | )   |                    |
|                            | )   | **No. 04-3144-KHV**|
| DAVID McKUNE, et al.,      | )   |                    |
|                            | )   |                    |
| Respondents.               | )   |                    |
|                            | )   |                    |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's Motion For Reconsideration (Doc. #22) filed January 11, 2005. For reasons stated below, the Court overrules petitioner's motion.

## Legal Standards

The Court has discretion whether to grant a motion to reconsider. See Hancock v. City of Okla. City, 857 F.2d 1394, 1395 (10th Cir. 1988). The Court may recognize any one of three grounds justifying reconsideration: an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice. See Major v. Benton, 647 F.2d 110, 112 (10th Cir. 1981); Burnett v. W. Res., Inc., 929 F. Supp. 1349, 1360 (D. Kan. 1996). A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed. See Voelkel v. Gen. Motors Corp., 846 F. Supp. 1482, 1483 (D. Kan.), aff'd, 43 F.3d 1484 (10th Cir. 1994). Such motions are not appropriate if the movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991), cert. denied, 506 U.S. 828 (1992).

The Court affords a *pro se* plaintiff some leniency and must liberally construe the complaint. See Oltremari v. Kan. Soc. & Rehab. Serv., 871 F. Supp. 1331, 1333 (D. Kan. 1994). While *pro se* complaints are held to less stringent standards than pleadings drafted by lawyers, *pro se* litigants must follow the same procedural rules as other litigants. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992), cert. denied, 507 U.S. 940 (1993). The Court may not assume the role of advocate for a *pro se* litigant. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

### Factual Background

In its Memorandum And Order (Doc. #20) filed December 30, 2004, the Court set forth the factual background. That order denied Conley's habeas petition. See id. at 11. The Court specifically held that except as to his confrontation claim, plaintiff had failed to exhaust administrative remedies. See id. As to the confrontation claim, the Court held that plaintiff was not entitled to relief. See id.

On January 11, 2005, Conley filed a motion to reconsider, arguing that (1) any procedural default resulted from untimely receipt of the decision of the Kansas Court of Appeals, after the time for appeal to the Kansas Supreme Court had passed; (2) he did not know the law and was therefore unaware that his habeas petition could allege innocence; and (3) courts have misconstrued his argument based on Apprendi v. New Jersey, 530 U.S. 466 (2000), in a manner which caused them to wrongly hold that the claim is procedurally defaulted. On January 26, 2005, Conley filed Petitioner's Supplement To Motion To Reconsider (Doc. #24). The supplement argues that (1) the Kansas Supreme Court and lower courts made manifest errors of fact and law by misinterpreting Apprendi and Jones v. United States, 526 U.S. 227 (1999); and (2) the recent Supreme Court decision in Blakely v. Washington, __ U.S. __, 124 S. Ct. 2531

(2004), requires that a jury "consider and find beyond a reasonable doubt the elements of the Hard 40." Petitioner's Supplement To Motion To Reconsider (Doc. #24) at 4.

On February 22, 2005, Conley filed another supplement to his motion for reconsideration and attached a copy of his second motion under K.S.A. § 60-1507, which this Court had previously stated was missing from the state court records. See Memorandum And Order (Doc. #20) at 9 n.4. In his second supplement, Conley accuses the Attorney General of deceptively procuring a favorable result by intentionally concealing Conley's filings from this Court. He also accuses government counsel of unlawful and illegal acts. On March 3, 2005, the government filed a response to the second supplement, refuting accusations of unlawful and unethical conduct as baseless and absurd and noting that any omissions from the record were inadvertent. See Respondents' Response to Petitioner's Supplement To Motion To Reconsider (Doc # 31) filed March 3, 2005.[1]

## Analysis

### I.      Reasons For Procedural Default

Conley first argues that he did not appeal his post-conviction claims to the Kansas Supreme Court because his attorney did not timely provide him the decision of the Kansas Court of Appeals. Conley also alleges that his attorney told him that the next step in the appeal process was to file a motion under Section 2254. Essentially, Conley contends that attorney errors caused him to procedurally default his claims. The

---

[1]      The Court notes that it had indeed received Conley's second K.S.A. § 60-1507 motion as part of his 2254 petition. The Court was not able to identify the document as the missing motion, however, because Conley did not include the cover page which identified it as the second motion under K.S.A. § 60-1507. The Court considered this document in reaching its decision. Conley's accusations against the Attorney General and counsel for failing to provide the motion are unfounded.

government contends that Conley should have addressed this issue in his Traverse, after the government raised the issue in its Answer to the habeas petition. The government further asserts that because Conley does not have a right to counsel in post-conviction collateral proceedings, he cannot be afforded relief based on ineffective assistance of counsel. The Court agrees. See Stanley v. Ward, No. 04-7084, 2005 WL 139185 (10th Cir. Jan. 24, 2005) (alleged negligence of counsel in post-conviction appeal does not excuse prisoner's failure to timely file application for post-conviction relief).

Conley next argues that he proceeded *pro se*, that he did not know the law, that he did not understand what arguments and evidence could be included in a petition for habeas relief, and that his petition therefore did not allege innocence. The government provides no specific response to this argument, but generally notes that Conley's arguments do not establish any circumstances which warrant reconsideration. The Court finds that at the time he filed his petition, Conley could have alleged innocence to show a fundamental miscarriage of justice. He may not raise it for the first time in his motion for reconsideration. See Van Skiver, 952 F.2d at 1243. Conley's arguments do not constitute grounds for reconsideration, and the Court declines to revisit issues already addressed or to hear new arguments that could have been presented originally.

## II.     Claim Under Apprendi

Conley argues that since his direct appeal, he has been presenting a claim based on Apprendi, Jones and Castillo v. United States, 530 U.S. 120 (2000). According to Conley, courts misconstrued his Apprendi claim as a different argument, and erroneously determined that he had procedurally defaulted the claim. Conley argues that the courts misconstrued the Apprendi claim as a "defective complaint claim."

-4-

On direct appeal to the Kansas Supreme Court, Conley argued that his Hard 40 sentence was unconstitutional.[2]  See Brief of Appellant, State v. Conley, 270 Kan. 18, 11 P.3d 1147 (2000)(No. 98-82380-S).  Specifically, Conley argued that when the district court considered facts that were not elements of the crime, it impermissibly increased his sentence by eliminating the possibility of parole for 15 years.  Conley acknowledged that the maximum prison term for first-degree murder was life in prison, but he argued that the increase in time before eligibility for parole constituted an additional punishment and therefore rendered the sentencing constitutionally impermissible.  Brief of Appellant at 58, Conley (No. 98-82380-S).  The Kansas Supreme Court rejected this argument, reasoning that "[a]pplying the hard 40 based on a fact not found by the jury does not increase the maximum penalty."  State v. Conley, 270 Kan. at 33, 11 P.3d at 1158.

In his petition under 28 U.S.C. § 2254, Conley essentially argues that the trial court violated Apprendi by imposing a sentence which exceeded the statutory maximum, which he contends should have been zero. The State charged Conley with first-degree murder under  K.S.A. § 21-3401(a), which defines the crime as  "the killing of a human being committed: (a) intentionally and with premeditation."  Conley argued that "[c]iting K.S.A. 21-3401(a) only, in a complaint information is insufficient on its face to establish adequate notice or a complete complaint information tracking statutory language, and penalties."  Petition For Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 By A Person In State Custody (Doc. #1) filed May 10, 2004.  Conley reasoned that K.S.A. 21-3401(a)

---

[2]       The United States Supreme Court announced its decision in Apprendi after Conley submitted his briefs but before the Kansas Supreme Court rendered its decision on Conley's appeal.  The Kansas Supreme Court considered Conley's arguments under Apprendi.

does not carry any punishment.  The <u>maximum</u> a defendant can receive under a charged sta[t]ute that doesn't carry any sentence legally is <u>zero years, or days</u>.  Therefore <u>increasin[g] the maximum penalty</u> a defendant may receive under <u>K.S.A. 21-3401</u>.  [sic]  Charging K.S.A. 21-3401(a) only in the complaint information without statutes that carry any sentence renders the complaint jurisdictionally defective effecting fundamental foundations of due process.

<u>Id.</u>  Conley claims that because the State did not include a penalty statute in the charging document, it could not sentence him to any time in prison.  Conley reasons that <u>Apprendi</u> requires that any factors which result in sentencing beyond the statutory maximum must be submitted to a jury and found beyond a reasonable doubt.  Conley argues that the statutory maximum for his crime was zero because no penalty was set forth in the complaint.  He states that the court therefore did not have jurisdiction to sentence him to even a single day.  He contends that the complaint against him should have been dismissed due to a jurisdictional defect in the complaint.  Conley used the following language to set forth his claim: "There is a jurisdictional defect in the complaint information giving rise to an <u>Apprendi</u> issue and severance issue requiring the dismissal of the complaint." <u>Petition For Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 By A Person In State Custody</u> (Doc. #1) at 6.  Conley now contends that this argument has been misconstrued as a "defective complaint claim" when it is actually a broader <u>Apprendi</u> claim.

According to Conley, his claim under 28 U.S.C. § 2254, also presented in his appeal to the state court under K.S.A. § 50-1607, is the same <u>Apprendi</u> argument that he presented to the Kansas Supreme Court on direct appeal and therefore this Court should not have deemed the "defective complaint" claim as procedurally defaulted.  The Court disagrees.  Admittedly, Conley broadly argues in both appeals that his Hard 40 sentence is unconstitutional.  On the surface, the claims appear similar because Conley uses <u>Apprendi</u> and predating authorities to support both claims.  On closer examination, the underlying

arguments differ significantly.  In his direct appeal, Conley argued that the Hard 40 was unconstitutional because "[w]hile the first punishment for first-degree murder, life imprisonment, is not changed by the Hard 40 scheme, that scheme does permit the imposition of an additional punishment not otherwise available to the trial court."  Brief of Appellant, State v. Conley, 270 Kan. 18, 11 P.3d 1147 (2000) (No. 98-82380-S).  In other words, Conley argued that the Hard 40 sentence imposed an additional punishment beyond life in prison because instead of being eligible for parole after 25 years, he would not be eligible for parole for 40 years.  In his briefs to the Kansas Supreme Court, Conley conceded that the statutory maximum prison term was life in prison.  Brief of Appellant at 52, Conley (No. 98-82380-S); Reply Brief of Appellant at 4, Conley (No. 98-82380-S).

In contrast, Conley's habeas petition argued that the trial court should not have imposed ANY sentence, and by doing so, it violated Apprendi.  Petition For Writ Of Habeas Corpus (Doc. #1).  Conley has used Apprendi and predating authorities to support his arguments on both claims, but the issue presented in his habeas petition is not the issue which Conley presented to the Kansas Supreme Court on direct appeal.  In sum, he argues two different violations under Apprendi.  The Court therefore finds that Conley did not exhaust his defective complaint claim in state court and thus procedurally defaulted that claim.  The Court declines to grant his motion for reconsideration based on this argument.

Finally, Conley argues a change in the law as a result of the Supreme Court decision in Blakely v. Washington, ___ U.S. ___, 124 S. Ct. 2531 (2004).  To the extent that Conley has a Blakely argument in his habeas petition, the Court overrules it.  Neither the Supreme Court nor the Tenth Circuit has held that Blakely is retroactive to cases on collateral review.  Indeed, in a case decided the same day as Blakely, the Supreme Court implied that Blakely would not be applied retroactively.  See Schriro v. Summerlin, ___

U.S. __, 124 S. Ct. 2519, 2526 (2004) (Ring v. Arizona, 536 U.S. 584 (2002), which extended Apprendi to facts increasing sentence from life imprisonment to death, not retroactive to cases on collateral review). Likewise, the Tenth Circuit has held that Blakely is not retroactive to cases on collateral review.   United States v. Leonard, __ Fed. Appx. __, 2005 WL 139183, at *2 (10th Cir. Jan. 24, 2005); see In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004); Rucker v. United States, No. 2:04-CV-00914PGC, 2005 WL 331336, at *10 (D. Utah Feb. 10, 2005); Tisdale v. United States, No. 99-10016-01-WEB, 2004 WL 2782725, at *7-8 (D. Kan. 2004); Lilly v. United States, 342 F. Supp.2d 532, 538-39 (W.D. Va. 2004); see also Spiridigliozzi v. United States, 117 Fed. Appx. 385, 394, 2004 WL 2671719, at *9 (6th Cir. Nov. 15, 2004) (unlikely Blakely would apply retroactively to cases on collateral review); United States v. Mora, 293 F.3d 1213, 1219 (10th Cir.), cert. denied, 537 U.S. 961 (2002) (Apprendi not "watershed decision" and does not apply retroactively to cases on collateral review).

IT IS THEREFORE ORDERED that petitioner's Motion For Reconsideration (Doc. #22) filed January 11, 2005 be and hereby is **OVERRULED**.

Dated this 11th day of March, 2005, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge